UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
SHLOMO BLEIER
on behalf of himself and
all other similarly situated consumers

                          Plaintiff,

       -against-

CENTRAL CREDIT SERVICES LLC AND
ERIN CAPITAL MANAGEMENT LLC

                          Defendants.

-----------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Shlomo Bleier seeks redress for the illegal practices of Central Credit Services LLC and Erin Capital Management LLC, concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendants sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendant Central Credit Services LLC's principal place of business is located in Ramsey, New Jersey.

5. Upon information and belief, Defendant Erin Capital Management LLC's principal place of business is located in New York, New York.

6. Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7. Defendants are "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

*Jurisdiction and Venue*

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

*Allegations Particular to Shlomo Bleier*

10. Erin Capital hired Central Credit to collect the debt on its behalf.

11. Erin Capital uses the instrumentality of interstate commerce as well as the mail in its business which the principal purpose of which is the collection of debts.

12. Erin Capital regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

13. The principal purpose of Erin Capital's business is the purchase of defaulted consumer debts originally owed or due or alleged to be originally owed or due to others.

14. Erin Capital purchased the Plaintiff's defaulted debt, placed it with Central Credit, and sought to collect on it.

15. Erin Capital had obtained a monetary judment against the Plaintiff

16. Erin Capital uses the mail in purchasing defaulted consumer debts, usually at a significant discount to their face value, and then seeks to collect on such debts.

17. Erin Capital directed, controlled and instructed Central Credit to use the mailing of collection letters when communicating with the Plaintiff.[1]

18. Upon information and belief, on a date better known by Defendants, Defendants began to attempt to collect an alleged consumer debt from the Plaintiff.

19. On or about December 15, 2016, Defendant Central Credit sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

20. Upon information and belief, the said December 15, 2016 letter was the Defendants' initial communication with the Plaintiff.

21. The said letter stated the balance due and then stated in part: "Your balance may increase due to interest or other charges as permitted by law or in your original agreement."

22. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

23. One such requirement is that the debt collector provide "the amount of the debt." 15 U.S.C. § 1692g(a)(1).

24. A debt collector has the obligation not just to convey the amount of the debt, but to convey such clearly.

25. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

---

[1] Janetos v. Fulton Friedman & Gullace, LLP, No. 15-1859, 2016 U.S. App. LEXIS 6361, at *19 (7th Cir. Apr. 7, 2016). ("A debt collector should not be able to avoid liability for unlawful debt collection practices simply by contracting with another company to do what the law does not allow it to do itself. Like the Third Circuit, we think it is fair and consistent with the Act to require a debt collector who is independently obliged to comply with the Act to monitor the actions of those it enlists to collect debts on its behalf.")

26. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

27. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

28. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

29. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

30. The letter fails to inform Plaintiff whether the amount listed is the actual amount of the debt due.

31. The letter fails to inform Plaintiff whether the amount listed already includes accrued "interest."

32. The letter fails to inform Plaintiff whether the amount listed already includes "other charges."

33. The letter fails to advise Plaintiff what portion of the amount listed is principal.

34. The letter fails to inform Plaintiff whether the amount listed will increase.

35. The letter fails to inform Plaintiff what "other charges" might apply.

36. The letter fails to inform Plaintiff if "other charges" are applied, when such "other charges" will be applied.

37. The letter fails to inform Plaintiff if "other charges" are applied, what the amount of those "other charges" will be.

38. The letter fails to inform Plaintiff of the nature of the "other charges."

39. The letter fails to inform Plaintiff if there is accrued "interest," what the amount of the accrued interest will be.

40. The letter fails to inform Plaintiff if there is accrued "interest," when such interest will be applied.

41. The letter fails to inform Plaintiff if there is accrued "interest," what the interest rate is.

42. The letter fails to inform Plaintiff if there is accrued "interest," the amount of money the amount listed will increase per day.

43. The letter fails to inform Plaintiff if there is accrued "interest," the amount of money the amount listed will increase per week.

44. The letter fails to inform Plaintiff if there is accrued "interest," the amount of money the amount listed will increase per month.

45. The letter fails to inform Plaintiff if there is accrued "interest," the amount of money the amount listed will increase per any measurable period.

46. The letter fails to indicate the minimum amount Plaintiff owed at the time of the letter

47. The letter fails to provide information that would allow the least sophisticated consumer to determine the minimum amount he or she owes at the time of the letter.

48. The letter fails to provide information that would allow the Plaintiff to determine what Plaintiff will need to pay to resolve the debt at any given moment in the future.

49. The letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

50. The least sophisticated consumer could reasonably believe that the debt could be satisfied by remitting the listed amount as of the date of the letter, at any time after receipt of the letter.

51. The least sophisticated consumer could reasonably believe that the amount listed was accurate only on the date of the letter.

52. If interest is continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate the applicable interest rate.

53. If interest is continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate what the amount of the accrued interest will be.

54. If interest is continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate when such interest will be applied.

55. If interest is continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate the amount of money the amount listed will increase at any measurable period.

56. If "other charges" are continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate the nature of the "other charges."[2]

57. The letter failed to advise Plaintiff that if Plaintiff pays the amount listed, an adjustment may be necessary after Defendants receive payment.

58. The letter failed to advise Plaintiff that if Plaintiff pays the amount listed, Defendants will inform Plaintiff of the balance difference before depositing payment.

59. The Defendants' failures are purposeful.

---

[2] Carlin v. Davidson Fink LLP, 852 F.3d 207 (2d Cir. 2017), Balke v. All. One Receivables Mgmt., No. 16-cv-5624(ADS)(AKT), 2017 U.S. Dist. LEXIS 94021, at *14 (E.D.N.Y. June 19, 2017). ("[T]he Collection Letter in this case refers with vagueness to "accrued interest or other charges," without providing any information regarding the rate of interest; the nature of the "other charges"; how any such charges would be calculated; and what portion of the balance due, if any, reflects already-accrued interest and other charges. By failing to provide even the most basic level of specificity in this regard, the Court "cannot say whether those amounts are properly part of the amount of the debt," for purposes of section 1692g.Carlin, 852 F.3d at 216. Further, as set forth in Carlin, without any clarifying details, the Collection Letter states only that these unspecified assessments may be added to the balance due, which the Court finds to be insufficient to "accurately inform[ ] the [Plaintiff] that the amount of the debt stated in the letter will increase over time.")

60. In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendants do not inform the consumer whether the amount listed will increase.

61. In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendants do not inform the consumer what "other charges" might apply.

62. In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendants do not inform the consumer when such "other charges" will be applied.

63. Defendants failed to clearly and unambiguously state the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

64. The Defendants' letter would likely make the least sophisticated consumer uncertain as to the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

65. The letter would likely make the least sophisticated consumer confused as to the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

66. The Defendants' conduct constitutes a false, deceptive and misleading means and representation in connection with the collection of the debt, in violation of 15 U.S.C. § 1692e.

67. The letter can reasonably be read by the least sophisticated consumer to have two or more meanings concerning the actual balance due, one of which must is inaccurate, in violation of 15 U.S.C. § 1692e.

68. Defendants' conduct violated 15 U.S.C. §§ 1692g(a)(1) and 1692e.

69. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the

Defendants.

70. Plaintiff suffered actual harm by being the target of the Defendants' misleading debt collection communications.

71. Defendants violated the Plaintiff's right not to be the target of misleading debt collection communications.

72. Defendants violated the Plaintiff's right to a truthful and fair debt collection process.

73. Defendants used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

74. Defendants' communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendants' collection efforts.

75. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendants' false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

76. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

77. As an actual and proximate result of the acts and omissions of the Defendants, Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which he should be compensated in an amount to be established by a jury at trial.

## AS AND FOR A CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendants.*

78. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through seventy seven (77) as if set forth fully in this cause of action.

79. This cause of action is brought on behalf of Plaintiff and the members of a class.

80. The class consists of all persons whom Defendants' records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to Plaintiff on or about December 15, 2016; and (a) the collection letter was sent to a consumer seeking payment of a personal debt; and (b) the collection letter was returned by the postal service as undelivered; (c) and Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e and 1692g(a)(1) for the use of any false representation or deceptive means to collect or attempt to collect any debt, for misrepresenting the amount of the debt owed by Plaintiff and for failing to accurately state the amount of the debt in the initial communication.

81. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

> A. Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.
>
> B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendants violated the FDCPA.

    C. The only individual issue is the identification of the consumers who received such collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendants.

    D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

    E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

82. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

83. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

84. Collection attempts, such as those made by the Defendants are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

85. The Defendants' actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

86. Because the Defendants violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendants and award damages as follows:

    A. Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

    B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

    C. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
November 21, 2017

      /s/ Adam J. Fishbein
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

      /s/ Adam J. Fishbein
Adam J. Fishbein (AF-9508)

P.O. Box 1259, Dept. #126233  
Oaks, PA 19456

**Return Mail Only - No Correspondence or Payments**

**Central Credit Services LLC**  
20 Corporate Hills Drive  
Saint Charles, MO 63301  
(866) 466-0117  
MONDAY-THURSDAY 8AM-9PM, AND FRIDAY 8AM-5PM  
SATURDAY 8AM-12PM  
CENTRAL TIME

SHLOMO BLEIER

December 15, 2016  
Central Credit Services #: _____-03

**Account(s) in our office:**

| | |
|---|---|
| Current Creditor: ERIN CAPITAL MANAGEMENT LLC | Original Creditor: UNIVERSAL/CITIBANK |
| Debt Description: JUDGMENT | Account #: XXXXX6286    Balance: $32,404.40 |
| | Total Balance: $32,404.40 |

As described above, the identified Current Creditor has purchased the above Account(s). Your Account(s) has been sent to us for collection. The debt(s) described above have been entered as a judgment obtained against you in CIVIL COURT OF THE CITY OF NEW YORK on 07/27/2004. Kindly remit your payment using the coupon below. Your balance may increase due to interest or other charges as permitted by law or in your original agreement. The preceding information does not affect your rights set forth below:

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Sincerely,  
Central Credit Services

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained shall be used for that purpose. Calls to or from this company may be monitored or recorded.

---

**NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION**  
Please Detach And Return in The Enclosed Envelope With Your Payment

126234-IDN00002-6146

Date: December 15, 2016  
Central Credit Services #: _____-03  
Total Balance: $32,404.40

Amount Enclosed: $_____

OFFICE HOURS (CT): MONDAY-THURSDAY 8AM-9PM, FRIDAY 8AM-5PM, AND SATURDAY 8AM-12PM

Central Credit Services LLC  
20 Corporate Hills Drive  
Saint Charles, MO 63301  
(866) 466-0117

☐ Check here if your address or phone numbers have changed  
Please update changes on reverse side.

Make Payment To:

SHLOMO BLEIER

Central Credit Services LLC  
P.O. Box 1879  
St. Charles, MO 63302-1879